Arnold GUMOWITZ and Anne Gumowitz, on Behalf of WEST SEVENTY–NINTH STREET ASSOCIATES, a New York limited partnership, Plaintiffs,

v.

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF ROANOKE, et al., Defendants.

No. 90 Civ. 8083 (DAB).

United States District Court, S.D. New York.

March 23, 1995.

---

Rodney A. Brown, Brown & Fox, New York City, for plaintiffs.

Bonnie Steingart, Fried, Frank, Harris, Shriver & Jacobson, New York City, for defendants.

### MEMORANDUM AND ORDER

BATTS, District Judge.

Defendant Arthur G. Cohen objects to a January 18, 1995, Memorandum and Order of Magistrate Judge Michael H. Dolinger ordering Defendant Cohen to produce his tax returns for the years 1987 through 1991. Defendant Cohen argues that Magistrate Judge Dolinger "either failed to apply or misapplied the proper test required in this district," that the relevant tax returns are irrelevant, and that no compelling reason exists requiring production in this case.

Defendant Resolution Trust Corporation, as Receiver for CorEast (the "RTC"), as well as Plaintiff Gumowitz, have filed papers opposing Defendant Cohen's objections. Among other arguments in support of denying Cohen's objections, the RTC argues that the objection filed by Defendant Cohen was untimely.

### DISCUSSION

#### I. TIMELINESS OF OBJECTIONS

■ Objections to an order of a magistrate judge must be filed within ten (10) days after service of the order. Fed.R.Civ.P. 72(a). Rule 6(a) provides that "[w]hen the period of time prescribed or allowed is less [sic] than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed.R.Civ.P. 6(a). Thus, Saturdays and Sundays are excluded in calculating Defendant Cohen's time to object. The order having been signed on January 18, 1995, ten days excluding weekends would place the deadline for objection on February 1, 1995. Finally, Rule 6(e) provides for an additional three days where "the notice or paper is served upon the party by mail." Fed.R.Civ.P. 6(e). The Order in question having been served on defendant Cohen by mail, he had three days beyond February 1 to filed his objections. Accordingly, Defendant Cohen's objections—filed on February 3, 1995—were timely.

#### II. MERITS OF OBJECTIONS

An order of a magistrate judge on nondispositive pretrial matters, such as those at issue here, may be modified or set aside only if "found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a).

■ The standard typically applied in this district for ordering production of tax returns requires a showing of (1) relevance and (2) compelling need because the information is not otherwise readily obtainable. *S.E.C. v. Cymaticolor Corp.,* 106 F.R.D. 545, 547 (S.D.N.Y.1985).

■ The question is thus whether Magistrate Judge Dolinger applied this standard, and if so, whether his conclusion was clearly erroneous. Though not explicitly set out in the relevant Memorandum and Order, Magistrate Judge Dolinger applied the correct standard. The first sentence of the January 18 Memorandum and Order demonstrates the court's finding that the tax returns are relevant; that sentence states: "The question of discoverability of the tax returns . . .

has previously been raised, and was deferred based on representations by counsel for defendants that other documents could be produced that would better reflect the flow of moneys from the so-called service entities ... to the affiliated entities and to Cohen and Tepper." Memorandum and Order, at 1. Thus, the court determined the relevance of the tax returns by entertaining the use of other documents that purportedly "would better reflect the flow of moneys."

Likewise, this same sentence shows that the magistrate judge applied the second prong of the *Cymaticolor* test by deferring production of the tax returns on the basis of representations by defendant Cohen that other documents would be forthcoming "that would better reflect the flow of moneys." *Id.* Because no such other production occurred, "at least not in a form usable by plaintiff and FDIC," *id.,* Magistrate Judge Dolinger ordered production of the tax returns. Accordingly, Magistrate Judge Dolinger applied the correct standard by first determining relevance, then predicating discovery upon a lack of other readily available sources for the information. *Id.*

The question that remains is whether the magistrate judge's determination is clearly erroneous. On the issue of relevance, the papers submitted by the parties convinces this court (a) of the apparent relevance of the tax returns ordered produced and (b) that defendant Cohen cannot establish that Magistrate Judge Dolinger's determination was clearly erroneous.

As to compelling need, defendant Cohen's argument likewise lacks merit. The Memorandum and Order demonstrates the magistrate judge's familiarity and discernment with respect to this requirement, and the resultant finding is strongly supported by the papers. Accordingly, this court does not find Magistrate Judge Dolinger's conclusion on the second prong of the *Cymaticolor* test clearly erroneous.

Therefore, having failed to demonstrate that the January 18, 1995 Memorandum and Order was either contrary to law or clearly erroneous, defendant Cohen's objections are overruled.

SO ORDERED.